# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MITSUI SUMITOMO INSURANCE CO., LTD.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 08-203-AJM-SS** |
| **M/V MAROUDIO** | |

## ORDER

DEFENDANTS' MOTION FOR SANCTIONS (Rec. doc. 37)

**GRANTED IN PART AND DENIED IN PART**

On January 9, 2008, the plaintiff, Mitsui Sumitomo Insurance Co., Ltd. ("MSI"), filed a complaint against the M/V Maroudio, Appleton Shipping Ltd. ("Appleton"), Niovis Shipping Co., S.A. ("Niovis"), and Empire Stevedoring, Inc. ("Empire"). This is a cargo claim for $118,322.47 for pipe which was loaded on the vessel in China and unloaded in New Orleans. MSI alleges that the cargo was damaged as a result of the negligence of the defendants. Rec. doc. 1. Appleton and Niovis filed a cross-claim against Empire and a third party demand against Phoenix Maritime Navigation, Inc. ("Phoenix"). Rec. docs. 8 and 14. Empire cross-claimed against Appleton and Niovis. Rec. doc. 16. Phoenix has not appeared and there is no default judgment against it.

The case was set for trial on June 22, 2009. Rec. doc. 10. In February 2009, MSI, Appleton, Niovis and Empire filed witness and exhibit lists. Rec. docs. 19-22. A joint motion to continue the trial was granted. Rec. doc. 26. The pretrial conference is set for April 7, 2010, and the trial is set for May 17, 2010. Rec. doc. 33.

On April 2, 2009, Appleton and Niovis served interrogatories and a request for production

of documents on Empire. Rec. doc. 35 (Exhibit A). Empire did not file written responses to the discovery in accord with Fed. R. Civ. P. 33 and 34. On October 14, 2009, Appleton and Niovis filed a motion to compel which was set for November 4, 2009. Rec. doc. 35. Empire did not file any opposition to the motion. On November 4, 2009, Empire was ordered to respond to defendants' discovery requests fully and in writing, in accordance with Federal Rules of Civil Procedure 33 and 34 by November 19, 2009. Rec. doc. 36.

On December 17, 2009, Appleton and Niovis filed a motion for sanctions for Empire's failure to comply with the November 4, 2009 order.[1] Rec. doc. 37. The movers reported that all attempts to contact Empire were to no avail. The motion was noticed for January 6, 2010. Empire's opposition was due on Tuesday, December 29, 2009. It did not submit a response until Wednesday, January 6, 2010. Rec. doc. 40. It reports that: (1) it furnished all pertinent documents to MSI, Appleton and Niovis on February 28, 2009;[2] (2) the documents were listed on its February 27, 2009 exhibit list; and (3) the documents were sent to Appleton and Niovis on July 2, 2009. Id. It does not include any answers to the interrogatories, yet the November 5, 2009 order required it to answer them.

Appleton and Niovis reply that: (1) Empire's opposition to the motion for sanctions was not timely; (2) Empire's assertion that documents were produced on or about July 2, 2009 is not true; (3) they did not receive any documents when Empire filed its exhibit list on February 27, 2009; (4)

---

[1] Appleton and Niovis seek: (1) entry of default judgment against Empire; (2) a decree that Empire's liability for the damage to the cargo is established; (3) an order prohibiting Empire from offering evidence; (4) an order of contempt; and (5) attorneys' fees and costs. Rec. doc. 37.

[2] Empire identifies these documents as: (1) talley sheets; (2) daily time logs; (3) Over Short & Damage reports; (4) survey reports of Vericlaim, Inc., (5) photographs of the cargo; (6) bills of lading; (7) delivery receipts; and (8) barge loading reports.

the only documents produced by Empire were photographs; and (5) Empire has not produced any evidence of transmittal of the documents to Appleton and Niovis. They re-urge their request for sanctions. Rec. doc. 42.

The discovery deadline is March 10, 2010. Rec. doc. 33. The parties must complete discovery within that deadline. The parties shall proceed as follows:

1. By **Friday, January 22, 2010**, Empire shall serve answers to the interrogatories from Appleton and Niovis which fully comply with Fed. R. Civ. P. 33, including the requirement that the answers be signed under oath by an officer or agent of the party.

2. By **Friday, January 22, 2010**, Empire shall deliver to counsel for Appleton and Niovis copies of the documents identified in its opposition (Rec. doc. 40) and any other documents required to respond to the request for production of documents from Appleton and Niovis. The documents shall be Bates numbered. Empire shall comply with Fed. R. Civ. P. 34(b)(2)(E)(i) and identify by reference to the Bates numbers the documents responsive to each of the categories in the request for production of documents.

3. All objections to the interrogatories and request for production of documents, except on the grounds of attorney-client privilege and work product doctrine, are deemed waived.

**Empire is cautioned that if it does not fully comply with this order, sanctions may be imposed including a recommendation that its answer and cross-claim be struck and that judgment be entered entered against it for all claims made against it in this litigation.**

IT IS ORDERED that the motion of Appleton and Niovis for sanctions (Rec. doc. 37) is GRANTED in PART and DENIED in PART as provided herein.

New Orleans, Louisiana, this 7th day of January, 2010.

          **SALLY SHUSHAN**
     **United States Magistrate Judge**